UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
GEORGE CANNING,                    :
                                   :
    Plaintiff,                     :
                                   :
        v.                         : Civil Action No. 01-2569 (GK)
                                   :
U.S. DEPARTMENT OF JUSTICE,        :
                                   :
    Defendant.                     :
_____:

## MEMORANDUM OPINION

Plaintiff, George Canning, brings this action pro se against the United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq.. Canning is seeking disclosure of (1) all records relating to the Armored Response Group of the United States ("ARGUS") and (2) FBI file 194-WF-178121. DOJ claims that any documents responsive to Canning's FOIA request that were redacted or not released were properly withheld from disclosure pursuant to FOIA Exemptions 3, 7(C), and 7(D).

This matter is now before the Court on DOJ's Motion for Summary Judgment. Upon consideration of the Motion, Opposition, Reply, and supplemental briefing, and for the reasons stated below, DOJ's Motion for Summary Judgment is **granted in part and denied in part.**

**I.     BACKGROUND**[1]

On November 30, 1995, Canning submitted a FOIA request to the Federal Bureau of Investigation's ("FBI") Washington Metropolitan Field Office ("WMFO"), requesting (1) all FBI records relating to the Armored Response Group of the United States ("ARGUS") and (2) FBI file 194-WF-178121, which related to the FBI's investigation into possible government corruption in the Loudoun County, Virginia Sheriff's Department ("LCSD").

On June 27, 1996, the WMFO notified Canning that file 194-WF-178121 and information about ARGUS had been found via a search of the Central Records System.  The letter also informed him that the responsive information had been referred to FBI headquarters for processing.  On January 31, 1997, FBI headquarters notified Canning that approximately 5,000 pages of documents were responsive to his request.

On December 14, 2001, Canning filed the instant lawsuit.

Between May 28, 2002, and December 12, 2002, the FBI released 5,253 documents to Canning in four separate installments.  Of those pages, 1,932 were released with information withheld pursuant to

---

[1]     Pursuant to Local Civil Rule 7(h), "[i]n determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."  Consequently, unless otherwise noted, the Court states only uncontroverted facts taken from the parties' Statements of Material Facts.

FOIA Exemptions 2, 3, 6, 7(C), 7(D), and 7(E). In conjunction with the releases, the FBI notified Canning that certain unreleased documents had been referred to the United States Army and the United States Marshals Service for review.

On June 11, 2002, the Court ordered Canning to select a sample of five percent of the redacted documents for DOJ to review. Subsequently, DOJ submitted a "Vaughn Index" and the Declaration of David M. Hardy ("Hardy Decl.") based on the 263 selected pages, justifying its withholding of information in that sample under FOIA exemptions 3, 7(C), and 7(D). On February 6, 2004, DOJ filed the instant Motion for Summary Judgment.[2]

## II. STANDARD OF REVIEW

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is "material" if it might affect the outcome of the action under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial

---

[2] On March 23, 2004, Canning filed a Cross-Motion for Summary Judgment, which was denied without prejudice on February 4, 2008. Consequently, certain issues which were raised in that Cross-Motion, such as the fee waiver, are no longer before the Court at this time.

burden of demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In a FOIA case, the district court conducts a de novo review of the government's decision to withhold requested documents under any of FOIA's specific statutory exemptions. 5 U.S.C. § 552(a)(4)(B). Thus, the burden is on the agency to show that nondisclosed, requested material falls within a stated exemption. Petroleum Info. Corp. v. United States Dep't of the Interior, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B)); Liberty Lobby, 477 U.S. at 254. In this Circuit, the agency is obligated to submit an index of all responsive material it has withheld, either in whole or in part, under a FOIA exemption. Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

The court may award summary judgment in a FOIA case solely on the basis of information provided in agency affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Thus, for summary judgment to be appropriate, the agency's Vaughn Index must set forth with particularity the justification for any specific exclusions, relating the justification to the particular part of

the document to which it applies. Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977). The agency's affidavits supporting its Vaughn Index must not be conclusory or too broadly sweeping. King v. United States Dep't of Justice, 830 F.2d 210, 219 (D.C. Cir. 1987).

## III. ANALYSIS

DOJ argues that it is entitled to summary judgment because it has released all non-exempt information after a thorough search and because it has properly justified all withholdings in its Vaughn Index. Canning argues, in opposition, that some of DOJ's withholdings under Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), included information in the public interest and were impermissibly broad. Second, he contends that segregable information was withheld under Exemption 7(C). Third, he maintains that Defendant improperly withheld information under Exemption 7(D), 5 U.S.C. § 552(b)(7)(D). Fourth, he argues that Defendant has improperly withheld information officially acknowledged by the government or otherwise to be in the public domain. Fifth, he claims that some documents not included in the Vaughn Index were entirely withheld without justification.

### A. DOJ Has Properly Applied Exemption 7(C) to Withhold Disclosure of Responsive Documents

Canning alleges that DOJ has improperly withheld information and documents under Exemption 7(C). According to Canning, the public interest in disclosing some of the withheld information

outweighs the privacy interest in withholding it. He also contends that DOJ's application of Exemption 7(C) is overbroad as it pertains to certain documents.

### 1. DOJ has properly applied Exemption 7(C) to withhold private information because no public interest in disclosure has been demonstrated

FOIA Exemption 7(C) protects law enforcement records from disclosure whenever such disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). To determine whether disclosure is warranted, the court balances the public interest in disclosure against the privacy interest of the individual mentioned in the record. Sussman v. United States Marshals Serv., 494 F.3d 1106, 1115 (D.C. Cir. 2007).

Persons involved in law enforcement investigations, including suspects, witnesses, and investigators, have substantial privacy interests concerning the disclosure of records related to the investigation. Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991). For example, "[t]here is little question that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm." Id. (internal quotation marks omitted).

On the other side of the scale, it "is well established that the only public interest relevant for purposes of Exemption 7(C) is

one that focuses on the citizens' right to be informed about what their government is up to." <u>Davis v. United States Dep't of Justice</u>, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting <u>United States Dep't of Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 773 (1989)) (internal quotation marks omitted).  Thus, the requested information must shed light on the agency's own conduct and not merely on the subject matter of the underlying law enforcement investigation.  <u>Id.</u>  Indeed, the Court of Appeals has held "categorically that, unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure."  <u>Safecard</u>, 926 F.2d at 1206.

The Supreme Court has held that where "the privacy concerns addressed by Exemption 7(c) are present, the exemption requires the person requesting the information to establish a sufficient reason for the disclosure." <u>Nat'l Archives & Records Admin. v. Favish</u>, 541 U.S. 157, 172 (2004) ("<u>Favish</u>").  Those requesters "must establish more than a bare suspicion in order to obtain disclosure." <u>Id.</u> at 174.  Rather, they must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  <u>Id.</u>  A court must balance the asserted public interest against the countervailing privacy

-7-

interest "[o]nly when the FOIA requester has produced evidence sufficient to satisfy this standard." Id.

In the instant case, Canning has failed to meet his initial burden under Favish and thus has failed to prove that there is any public interest in disclosure. He argues that the FBI improperly terminated its investigation into the LCSD because Loudoun County Sheriff John Isom ("Isom") had influence over the agencies conducting the investigation. Canning presents no actual evidence that the corruption investigation ended for any improper reason -- his allegations are pure speculation and at most "bare suspicion." He has failed to produce any credible evidence "that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." Id., at 175. Because he has not met his burden, there is no public interest to be weighed against the privacy interest of those referred to in the documents he seeks. Defendant's reliance on Exemption 7(C) therefore is proper, and Canning is not entitled to materials withheld on this ground.

### 2. DOJ has properly applied Exemption 7(C) to withhold identifying information

Canning also claims that DOJ has improperly withheld several entire documents as "investigative details" under Exemption 7(C). Pl.'s Mot. at 5 (citing Vaughn pages 19-35, 39-42, 58-61, 144-156, 158-186, 188-189, 191-197, 198-200, 201-202, 213, 235-246, 247-254, 262, and 263). DOJ responds that it has fully justified its

withholdings under Exemption 7(C) and that the withholdings are proper because they contain identifying information.

Under Exemption 7(C), the names, addresses, and other identifying information of those whose names appear in law enforcement files may be redacted or withheld. Reporters Comm., 489 U.S. at 769. However, "Exemption 7(C) does not necessarily cover all 'investigative details' -- a category presumably distinct from, and potentially far broader" than is protected under the Exemption. Mays v. Drug Enforcement Admin., 234 F.3d 1324, 1328 (D.C. Cir. 2001).

Despite the substantial withholdings of the Government under Exemption 7(C), DOJ did properly withhold all of the information. Canning relies primarily upon Mays, which focused on the withholding of "investigative details." In this case, however, DOJ withheld identifying information, which Canning acknowledges can be properly excluded under Exemption 7(C). Reporters Comm., 489 U.S. at 769. Furthermore, the Vaughn Index and Hardy Declaration justify the exclusions with particularity, explaining why material was withheld from each document. Accordingly, since DOJ limited its withholdings under Exemption 7(C) to information included under the Exemption, Canning is not entitled to materials withheld on this ground.

**B.   DOJ Has Properly Released All Reasonably Segregable Information**

Canning contends that DOJ has not released all "reasonably segregable information." DOJ responds that no further information can be segregated without releasing information properly withheld under FOIA.

FOIA requires that "[a]ny reasonably segregable portions of a record," 5 U.S.C. § 552(b), be released after application of any appropriate exemption unless the non-exempt information is "inextricably intertwined with the exempt portions." Mead Data, 566 F.2d at 260. To demonstrate that all reasonably segregable information has been released, the agency need only show with "reasonable specificity" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). The agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261, n.55.

In the instant case, the combination of the Vaughn Index and the Hardy Declaration are, by and large, sufficient to fulfill Defendant's obligation to show with "reasonable specificity" why the information withheld cannot be further segregated. Accordingly, the Court is satisfied that Defendant has provided

Canning, with one exception, with the reasonably segregable information to which he is entitled.

That exception concerns Plaintiff's request for a Vaughn Index from the U.S. Marshals Service for FBI Serial 194C-WF-178121-SubBB-179. According to Plaintiff, no Vaughn Index has ever been submitted for that serial.

The declaration of William E. Bordley, Associate General Counsel and FOIA Officer at the U.S. Marshals Service, purports to address this issue. Paragraph 10 of his declaration of October 1, 2007, states that the Marshals Service has now released all four pages of 194C-WF-178121-SubBB-179, the document in question, but with certain information excised and withheld pursuant to Exemption 7(C) of FOIA. [Dkt. #36-2] Plaintiff asserts in his Supplemental Memorandum of August 22, 2007, that FBI Serial SubBB-179 of file 194C-WF-178121 is not one of the documents in the referral discussed by Bordley. [Dkt. #32] The parties must address this direct contradiction in the record. Therefore, Defendant must reexamine its files and submit a declaration which directly addresses Plaintiff's allegation at page 4 of his Supplemental Memorandum, and must submit a Vaughn Index for that FBI Serial. Plaintiff must also submit a further declaration explaining his assertion on page 4 of his Supplemental Memorandum and how he arrived at that conclusion.

With regard to the same document, Plaintiff also challenges the declaration of Philip J. McGuire, Director of the U.S. Army Crime Records Center at Ft. Belvoir, Virginia, submitted with Defendant's October 18, 2007 response to Plaintiff's Supplemental Memorandum of August 22, 2007. [Dkt. #36-3] In his declaration, McGuire refers to a three-page handwritten document identified at the bottom of the third page by the number 194C-WF-178121-41. Plaintiff states there is no further identification of these three pages to show whether this document is or is not from Serial SubC-41. If it is not, the status of that document would appear to be immaterial because Canning is not requesting it. If it is the three pages Plaintiff is seeking, then the Government has failed to explain how the entire text of these three pages could constitute "identifying information" under Exemptions 6 & 7(C). Plaintiff makes it clear that he is not contesting the withholding of any identifying information -- to which he would not be entitled in any event -- but seeks all other information in the three pages. The Government has failed to explain how all three pages could consist of "investigative details" or "identifying information."

**C.  DOJ Has Properly Applied Exemption 7(D) to Withhold Disclosure of Responsive Documents**

Canning claims that DOJ improperly used Exemption 7(D) to shield sources in a government corruption investigation; he argues that only violent crimes can give rise to an implied assurance of confidentiality. DOJ responds that the witnesses in the case at

issue "placed themselves in harm's way should their cooperation become public," Hardy Decl. ¶ 41, and that an implied assurance of confidentiality therefore exists.

FOIA Exemption 7(D) permits an agency to withhold from disclosure information that "could reasonably be expected to disclose the identity of a confidential source ... which furnished information on a confidential basis, and, in the case of a record or information compiled by [sic] criminal law enforcement authority in the course of a criminal investigation..., information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D).

A source is considered confidential under Exemption 7(D) if the source "provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." United States Dep't of Justice v. Landano, 508 U.S. 165, 172 (1993). Although the government is not entitled to a presumption of confidentiality, "the character of the crime at issue may be relevant to determining whether a source cooperated with the FBI with an implied assurance of confidentiality." Landano, 508 U.S. at 179.

In this case, the crime of government corruption, while not inherently violent, gives rise to an implied assurance of confidentiality. See Garcia v. United States Dep't of Justice, 181 F. Supp. 2d 356, 377 (S.D.N.Y. 2002) (finding an implied assurance of confidentiality in part because "[t]he criminal investigation in

question was an investigation by the FBI into serious allegations of corruption within the state police.").

A corruption investigation necessarily involves interviewing employees inside the allegedly corrupt office. Providing potentially damaging information about one's employer might place the jobs and livelihoods of witnesses in danger and thus gives rise to an assurance of confidentiality. Furthermore, even a private citizen providing information about a county sheriff has reason to fear reprisal, economic or physical, by providing potentially damaging information about someone who -- by Canning's own admission -- is a particularly powerful individual in Loudoun County. Pl.'s Mot. at 12-15. See Cofield v. City of LaGrange, Georgia, 913 F. Supp. 608, 618 (D.D.C. 1996) (finding an implied assurance of confidentiality in voting rights investigation because those questioned were individuals "closely associated with decision makers in local or state government and whose livelihoods or personal safety might be in jeopardy if their contact with the Department of Justice was disclosed.").

For these reasons, the Court concludes that DOJ properly withheld the materials under Exemption 7(D) of FOIA.

### D.  DOJ Has Properly Considered Whether Information in the Public Domain Has Been Released

Canning claims that DOJ may not invoke FOIA Exemption 7(C) to justify withholding information which is already in the public domain. He specifically contests withholding information that: (1)

Isom proclaimed his innocence during the Loudoun County corruption investigation; (2) Poppa was an FBI source in the Loudoun County corruption investigation; (3) Poppa was a key witness in high-profile criminal trials; (4) Isom and J.C. Herbert Bryant were co-founders and leaders of ARGUS; and (5) J.C. Herbert Bryant was detained by Washington, D.C., police for gun possession and was later tried and convicted for impersonating a federal officer and for making false statements in an investigation.

As a general principle, an agency may not rely on an otherwise valid exemption to justify withholding information that is already in the public domain. Students Against Genocide v. Dep't of State, 257 F.3d 828, 836 (D.C. Cir. 2001). A plaintiff asserting a claim of prior disclosure "must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." Public Citizen v. Dep't of State, 276 F.3d 634, 645 (D.C. Cir. 2002) (internal quotation marks omitted).

In the instant case, Canning has not satisfied his high burden. He provides several detailed exhibits with newspaper articles to support his claims, but does not "point to 'specific' information identical to that being withheld." Davis, 968 F.2d at 1280. First, while Isom might have proclaimed his innocence, Canning has not proven that any statements in the withheld documents mirror other statements Isom might have made about his innocence. Second, the articles provided by Canning only assert

that Poppa was a government source in the Loudoun County corruption investigation; they do not discuss the contents of his statements to the police, which is the information the withheld documents appear to contain. Thus, there is no evidence of duplication. Third, Canning has not pointed to specific information in the withheld documents that mirrors Poppa's statements at trial or other information about his status as a witness in criminal trials. Fourth, Canning has not provided evidence that the information withheld about ARGUS specifically duplicates information already in the public domain. Although the attached articles reveal that general information about ARGUS was widely available to the public, he has not shown that "there is a permanent public record of the exact portions he wishes." Id. Finally, Canning has not proven that the information he provided about J.C. Herbert Bryant's arrests and conviction was duplicated by information contained in the withheld documents.

Thus, he has not met his burden of proving that the requested information already is in the public domain and, therefore, is not entitled to the requested information.

**E. DOJ Has Properly Responded to Canning's Additional Requests by Releasing or Explaining Its Failure to Release Relevant Documents**

Canning claims that DOJ improperly withheld documents which were not included in the Vaughn Index. First, he contends that DOJ has failed to provide or justify withholding a 1-page document

dated March 9, 2001.  Second, he maintains that documents referred to the Department of the Army have been withheld without justification.  Third, he alleges that documents referred to the U.S. Marshals Service have also been withheld without justification.  Fourth, he claims that DOJ has withheld certain missing serials without justification.

According to the Second Hardy Declaration, DOJ has now satisfied all of these claims.  The March 9, 2001, document has been partially released, with only the names of the investigators redacted.  The documents from the Department of the Army have been partially released.  The U.S. Marshals Service has been directed to prepare a Vaughn index to justify redactions from the documents in its control.  Finally, DOJ has conducted a search for the missing serials and has concluded that the documents sought by Canning do not exist.  As DOJ has adequately answered these claims, Canning is not entitled to relief with respect to these issues.

**IV.  Conclusion**

In this case, Canning claims that DOJ improperly withheld information responsive to his FOIA request under Exemptions 7(C) and 7(D), failed to release segregable material, failed to release material already in the public domain, and failed to release documents not included in the Vaughn Index.  The Court concludes that the Vaughn Index documents have been properly withheld and that DOJ has properly justified or released the other contested

documents, with the exceptions specifically noted. Accordingly, DOJ's Motion for Summary Judgment is **granted in part and denied in part.**

An appropriate Order will issue with this Opinion.

|  |  |
|---|---|
| July 21, 2008 | /s/<br>Gladys Kessler<br>United States District Judge |

**Copies to:** Attorneys of Record via ECF